UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CARLOS LARA, on behalf of himself,
individually, and on behalf of all others
similarly-situated,

                             Plaintiff,

      -against-

BROADWAY S/S INC., and AFTAB HUSSAIN,
individually,

                            Defendants.
------------------------------------------------------------------X

**COMPLAINT**

**Docket No.:** 20-cv-05010

Jury Trial Demanded

      CARLOS LARA, on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" as defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against BROADWAY S/S INC. ("Broadway"), and AFTAB HUSSAIN, individually, (together as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

### NATURE OF CASE

      1.      This is a civil action seeking damages and equitable relief based upon Defendants' willful violations of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-1.4; (iii) the minimum wage provisions of the NYLL, NYLL § 652(1), 12 NYCRR § 142-2.1; (iv) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3); (v) the NYLL's

requirement that employers furnish employees with a wage notice containing specific categories of accurate information upon hire, NYLL § 195(1); and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2. As described below, Plaintiff worked for Defendants - - a Manhattan-based vehicle repair station and its owner and day-to-day overseer - - as a mechanic, from in or around July 2014 until March 16, 2020. As further described below, throughout his employment, Defendants willfully failed to pay Plaintiff the overtime wages lawfully due to him under the FLSA and the NYLL or the minimum wage required under the NYLL. Specifically, throughout his employment, Defendants required Plaintiff to work, and Plaintiff did in fact work, in excess of forty hours virtually each week, yet Defendants failed to compensate Plaintiff at least at the rate of one and one-half times the minimum wage, or one and one-half times his regular rate, whichever was greater, for any hours that he worked in excess of forty in a week. Instead, Defendants paid Plaintiff a flat weekly salary that did not include overtime premiums and that brought his regular hourly rate below the minimum that New York requires for all hours worked.

3. Additionally, in violation of New York law, Defendants failed to provide Plaintiff with any wage statements on each payday or with any wage notice upon his hire.

4. Defendants paid and treated all of their mechanics in the same manner.

5. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' willful violations of the FLSA. Plaintiff brings his claims under the NYLL and the NYCRR on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-into this action.

**JURISDICTION AND VENUE**

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the actions or omissions comprising the claims for relief occurred within this judicial district.

**PARTIES**

8. At all relevant times, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

9. At all relevant times, Defendant Broadway was and is a New York corporation with its principal place of business located at 4275 Broadway, New York, New York 10033.

10. At all relevant times, Defendant Hussain was and is the owner and day-to-day overseer of Defendant Broadway and was Plaintiff's direct supervisor throughout his employment with Defendants. In that role, Hussain was responsible for managing all of the service station's employees, including all matters with respect to determining employees' rates and methods of pay and hours worked, distributing work duties, and the hiring and firing of employees.

11. At all relevant times, both Defendants were and are "employers" within the meaning of the FLSA and the NYLL. Additionally, Defendant Broadway's qualifying annual business exceeded and exceeds $500,000, and Defendant Broadway was and is engaged in interstate commerce within the meaning of the FLSA, as it employs two or more employees, orders and sells automobile parts and fluids, purchases uniforms for its employees, and buys other supplies from vendors located in states other than New York, and also accepts credit cards as a

form of payment based on cardholder agreements with out-of-state companies, the combination of which subjects Broadway to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation, as well as liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former employees of Defendants, who during the applicable FLSA limitations period, performed any work as a mechanic, or in a similar role, and who give consent to file a claim to recover damages for unpaid overtime compensation and liquidated damages that is legally due to them ("FLSA Plaintiffs").

13. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

14. At all relevant times, Defendants are and have been aware of the requirement to pay Plaintiff and FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose and choose not to do so.

15. Thus, all FLSA Plaintiffs are victims of Defendants' practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

**BACKGROUND FACTS**

16. Defendant Broadway is a popular and busy vehicle repair station located at 4275 Broadway, New York, New York 10033.

17. Defendant Hussain owns, operates, and manages Defendant Broadway, and in that role is responsible for all matters with respect to hiring, firing, and disciplining employees, as well as determining all employees' rates and methods of pay and hours worked, and distributing work duties. Indeed, Defendant Hussain personally hired and fired Plaintiff and set and paid Plaintiff his wages on behalf of Defendants.

18. Plaintiff worked for Defendants as a mechanic from July 2014 continuously until his termination on March 16, 2020. In this role, Plaintiff was primarily responsible for conducting New York State vehicle inspections and performing vehicle repairs for customers.

19. From July 2014 through August 2018, Defendants required Plaintiff to work six days per week, from 8.00 a.m. until 6:00 p.m. Monday through Friday, and from 8:00 a.m. until 5:00 p.m. on Saturdays, without a scheduled or uninterrupted break on any workday, for a total of fifty-nine hours per week. For this work, Defendants paid Plaintiff $700.00 per week, which yielded a regular rate of $11.86 per hour.

20. From September 2018 through the termination of his employment, Defendants required Plaintiff to work six days per week, from 8:00 a.m. until 6:00 p.m. Monday through Thursday, and from 8:00 a.m. to 2:00 p.m. Friday and Saturday, without a scheduled or uninterrupted break on any day, for a total of fifty-two hours per week. For this work, Defendants paid Plaintiff $700.00 per week, which yielded a regular rate of $13.46 per hour.

21. At no point during his employment did Defendants pay Plaintiff an overtime premium for his hours worked in a week over forty.

22. By way of example only, during the week of August 19 through August 25, 2018, Defendants required Plaintiff to work, and Plaintiff did work, the following schedule:

> Sunday, August 19, 2018: off;
>
> Monday, August 20, 2018: 8:00 a.m. until 6:00 p.m.;
>
> Tuesday, August 21, 2018: 8:00 a.m. until 6:00 p.m.;
>
> Wednesday, August 22, 2018: 8:00 a.m. until 6:00 p.m.;
>
> Thursday, August 23, 2018: 8:00 a.m. until 6:00 p.m.;
>
> Friday, August 24, 2018: 8:00 a.m. until 6:00 p.m.;
>
> Saturday, August 25, 2018: 8:00 a.m. until 5:00 p.m.

Thus, Plaintiff worked fifty-nine hours during this week. In exchange, Defendants paid Plaintiff his weekly salary of $700.00, which amounted to $11.86 per hour for all hours worked. Defendants paid Plaintiff below New York's minimum wage during this week for all hours worked and did not pay him an overtime premium for his hours worked over forty.

23. By way of another example, during the week of May 19 through May 25, 2019, Defendants required Plaintiff to work, and Plaintiff did work, the following schedule:

> Sunday, May 19, 2019: off;
>
> Monday, May 20, 2019: 8:00 a.m. until 6:00 p.m.;
>
> Tuesday, May 21, 2019: 8:00 a.m. until 6:00 p.m.;
>
> Wednesday, May 22, 2019: 8:00 a.m. until 6:00 p.m.;
>
> Thursday, May 23, 2019: 8:00 a.m. until 6:00 p.m.;
>
> Friday, May 24, 2019: 8:00 a.m. until 2:00 p.m.;
>
> Saturday, May 25, 2019: 8:00 a.m. until 2:00 p.m.

Thus, Plaintiff worked fifty-two hours during this week. In exchange, Defendants paid Plaintiff his weekly salary of $700.00, which amounted to $13.46 per hour for all hours worked. Defendants paid Plaintiff below New York's minimum wage during this week for all hours worked and did not pay him an overtime premium for his hours worked over forty.

24. Throughout his employment, Defendants paid Plaintiff weekly, in cash.

25. On each occasion when they paid Plaintiff, Defendants failed to provide Plaintiff with any wage statement, let alone one that accurately listed, *inter alia*, his total hours worked that week or his straight and overtime rates of pay for every hour worked.

26. Additionally, upon hire, Defendants failed to provide Plaintiff with any wage notice, let alone one that accurately listed, *inter alia*, Plaintiff's rates of pay and the basis thereof (e.g. hourly, daily, per shift), and the name and telephone number of the employer.

27. Defendants treated Plaintiff and FLSA Plaintiffs in the same manner described herein.

28. Defendants acted in the manner described herein so as to maximize their profits while minimizing their labor costs and overhead.

29. Each hour that Plaintiff worked was for Defendants' benefit.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime under the FLSA*

30. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

31. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

32. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

33. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a week, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

34. Defendants willfully violated the FLSA.

35. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

36. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the NYLL and the NYCRR*

37. Plaintiff and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

38. NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay, or one and one half times the minimum wage rate, when greater, for all hours worked exceeding forty in a workweek.

39. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and the NYCRR.

40. As also described above, Plaintiff and any FLSA Plaintiff who opts-into this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

41. Plaintiff and any FLSA Plaintiff who opts-into this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times the minimum wage rate or their respective regular rates of pay, whichever is greater.

42. Plaintiff and any FLSA Plaintiff who opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Minimum Wages under the NYLL and the NYCRR*

43. Plaintiff and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

44. NYLL § 652(1) and NYCRR § 142-2.1 prescribe a minimum wage that employers must pay to their employees for each hour worked.

45. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and the NYCRR.

46. As also described above, Defendants failed to compensate Plaintiff and any FLSA Plaintiff who opts-into this action, in accordance with the NYLL's and the NYCRR's minimum wage provisions.

47. At the least, Plaintiff and any FLSA Plaintiff who opts-into this action, are entitled to pay at the minimum wage rate for all hours worked.

9

48. Plaintiff and any FLSA Plaintiff who opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's minimum wage provisions.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

49. Plaintiff and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

50. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

51. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL.

52. As also described above, Defendants, on each payday, failed to furnish Plaintiff and any FLSA Plaintiff who opts-into this action, with any wage statements, let alone ones accurately containing the criteria required under the NYLL.

53. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-into this action, in the amount of $100 for each workweek after the violation occurred, up to a statutory cap of $2,500.

54. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-into this action, in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

## FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Notice in Violation of the NYLL*

55. Plaintiff and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

56. NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

57. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL.

58. As also described above, Defendants failed to provide Plaintiff and any FLSA Plaintiff who opts-into this action, with any wage notice at hire, let alone one accurately containing the criteria required under the NYLL.

59. Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-into this action, in the amount of $50 for each workweek after the violation occurred, up to a statutory cap of $2,500.

60. On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-into this action, in the amount of $50 for each workday after the violation occurred, up to a statutory cap of $5,000.

## DEMAND FOR A JURY TRIAL

61. Pursuant to FRCP 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury in this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

    a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

    b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

    c. An order restraining Defendants from any retaliation against Plaintiff and/or FLSA Plaintiffs for participation in any form of this litigation;

    d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

    e. All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

    f. Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

  g. Awarding Plaintiff and FLSA Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

  h. Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

  i. Pre-judgment and post-judgment interest, as provided by law; and

  j. Granting Plaintiff and FLSA Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
   June 30, 2020

               Respectfully submitted,

               BORRELLI & ASSOCIATES, P.L.L.C.
               *Attorneys for Plaintiff*
               910 Franklin Avenue, Suite 200
               Garden City, New York 11530
               Tel. (516) 248-5550
               Fax. (516) 248-6027

By:  _____
    MATTHEW J. FARNWORTH (MF3622)
    ALEXANDER T. COLEMAN (AC 1717)
    MICHAEL J. BORRELLI (MB 8533)